## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLAYTON E. GISH,

      Plaintiff,

      v.                                    CASE NO. 20-3044-SAC

NEOSHO COUNTY JAIL,
et al.,

      Defendants.

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is housed at the Neosho County Jail in Erie, Kansas ("NCJ").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On February 25, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), directing Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC.  The Court also gave Plaintiff an opportunity to file a proper second amended complaint.  Plaintiff has not filed a second amended complaint.  This matter is before the Court on Plaintiff's Response (Docs. 8, 9) to the MOSC.

Plaintiff alleges in his Amended Complaint (Doc. 6) that he slipped in the shower and in the dayroom at NCJ on December 22, 2019.  Plaintiff alleges that he is paralyzed on his left side and he was denied handicap assistance.  Plaintiff alleges that he "ripped the ligaments out of the muscle of [his] right calf" and was taken to the ER eight days after the incident and was prescribed Tylenol.  Plaintiff alleges that he never received the Tylenol and was later denied a doctor visit.  Plaintiff alleges that Defendants Cramer and Maurer did not allow Plaintiff to see a doctor on January 8, 2020.

In the MOSC, the Court found that delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).  In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay.  *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).  "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff acknowledges that he was taken to the ER after the incident.  Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication.  A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

The Court found that Plaintiff failed to show that any defendant was deliberately indifferent regarding his medical care.  Plaintiff alleges that Defendants refused to allow him to see a doctor on one occasion after his visit to the ER.  Plaintiff has failed to show that Defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.  The Court found that Plaintiff's claims suggest, at most, negligence, and are subject to dismissal.  The Court also found that the NCJ was not a proper defendant, and that Plaintiff's request for release from confinement must be brought in a habeas action.

In his Response (Doc. 8), Plaintiff alleges that he is disabled and requested a shower chair shortly after he arrived at the NCJ.  He alleges that four months later, he slipped and fell twice. He alleges that he was not taken to the Emergency Room until December 30, 2019, eight days after his fall.  Plaintiff then acknowledges that the doctor in the Emergency Room told him that there was nothing that he could do for Plaintiff's injury, and prescribed Tylenol as needed.  Plaintiff alleges that he has not received medication.  Plaintiff then alleges that he has been threatened by other inmates because of his charges and because his video court was first and in front of other inmates.

In support of his Response, Plaintiff attaches the grievance he filed at NCJ, requesting a shower chair so that he does not "have to sit on the floor in the shower in piss."  Doc. 8, at 3.  In his grievance, Plaintiff states that staff informed him that all cells are handicap accessible, and that Plaintiff cannot have a stool or chair in the shower in A cell house, but that he can move to the "hold cell/drunk tank" where he would be deprived of out-of-cell time, exercise, TV, phone calls, and would have a smaller cell. *Id*. at 4.  Plaintiff mentions that another inmate that was overweight and had been shot in the leg received a shower chair.  *Id*.  Staff's response to the grievance states that: "You stand at your door watching TV for hours.  You come out into the dayroom and walk around w/o issues.  Showers are five minutes."  *Id*.  at 3.   Plaintiff also attaches a request form indicating he required to see a doctor on January 2, 2020.  Staff denied the request, noting that his leg muscle would take time to heal.

Plaintiff has also filed a letter with the Court (Doc. 9),[1] arguing that he was unlawfully arrested.  The letter refers to matters relating to his criminal case, domestic matters, and a potential lawsuit he may file.  None of these matters are before this Court.  The letter mentions that he is

---

[1] Because Plaintiff has included the names of minors and dates of birth, the Court has placed the document under seal.

3

being denied his medication, but otherwise does not address the deficiencies set forth in the MOSC.

Plaintiff's response fails to show good cause why his Amended Complaint should not be dismissed for failure to state a claim. Plaintiff has not shown that Defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claim suggests, at most, negligence, and is not properly brought in a § 1983 action.

Plaintiff has not filed a second amended complaint. The MOSC provided that "[i]f Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice." (Doc. 7, at 8.) Plaintiff's response does not show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 12, 2020, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**